**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 2, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20359
Summary Calendar

_____

CHARLES R. GIBSON, JR,

Plaintiff-Appellant,

versus

VETERAN'S ADMINISTRATION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1491
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles R. Gibson, Jr., ("Gibson"), Texas prisoner #858066,
appeals from the dismissal of his civil action in which he
alleged that the Veteran's Administration ("VA"): mixed up his
records with the records of other veterans, causing him to be
denied over 20 years of disability benefits; released
confidential information in violation of the Privacy Act,
5 U.S.C. § 522a; and conspired with certain Texas prison

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

officials to deprive him of his VA records for two weeks. Gibson argues that the district court erred by finding that it did not have jurisdiction over his claims that the VA violated his constitutional rights and that he stated a viable claim against the VA for violating the Privacy Act by releasing his confidential records. Gibson also argues that he stated viable conspiracy claims against the Texas prison officials. Finally, Gibson contends that his claims that Texas prison officials mistreated him should have been joined with his other claims and that the documents he submitted to this court prove his conspiracy claim.

The district court correctly concluded that it did not have jurisdiction over Gibson's claims that the VA violated his constitutional rights because actions pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), may not be maintained against a federal agency. <u>See</u> <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 484-85 (1994). Since Gibson did not allege that the VA improperly disclosed his records to anyone, he failed to state a claim against the VA under the Privacy Act for the improper disclosure of his records. <u>See</u> 5 U.S.C. § 522a(b); <u>see also</u> <u>Quinn v. Stone</u>, 978 F.2d 126, 131 (3d. Cir. 1992).

Because Gibson did not "plead the operative facts" of his conspiracy claim, he did not state a conspiracy claim upon which relief could be granted. <u>Lynch v. Cannatella</u>, 810 F.2d 1363,

1369-70 (5th Cir. 1987). Gibson's reliance on the documents he submitted to this court to prove his conspiracy claim is misplaced, as we "may not consider new evidence furnished for the first time on appeal." Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Similarly, we will not consider Gibson's claims that Texas prison officials mistreated him, because these claims were not raised in the district court. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Accordingly, the district court's dismissal of Gibson's civil action is AFFIRMED. Gibson's motions for appointment of counsel, for leave to file supplemental brief, and for leave to supplement the record are DENIED.